IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, THE PRINCIPAL WELFARE BENEFIT PLAN FOR EMPLOYEES, and THE PRINCIPAL WELFARE BENEFIT PLAN FOR INDIVIDUAL FIELD,<br><br>Plaintiffs,<br><br>v.<br><br>CAREMARKPCS HEALTH, L.L.C.,<br><br>Defendant. | CASE NO.: 4:14-cv-00077-CRW CFB<br><br>MOTION TO STAY DISCOVERY AND RELATED PROCEEDINGS PENDING RESOLUTION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION |

Defendant CaremarkPCS Health, L.L.C. ("Caremark"), by and through its undersigned counsel and pursuant to Sections 3 and 6 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 3 and 6, and this Court's inherent authority to manage its docket, moves the Court to enter an order staying all discovery and related proceedings before this Court pending the resolution of Caremark's Motion to Compel Arbitration ("Arbitration Motion"). In support of this Motion, Caremark states as follows:

1.  Plaintiffs' Complaint (Dkt. 1), among other things, alleges that Caremark failed to comply with the terms of the parties' contractual relationship, and also asserts common law claims of fraud. (*Id.*)

2.  Caremark responded to Plaintiffs' Complaint by moving to compel arbitration of Plaintiffs' claims in light of mandatory arbitration provisions contained in the January 1, 2012 Prescription Benefits Services Agreement (the "Agreement") that Plaintiffs entered into with

Caremark. (Dkt 26.) The Arbitration Motion will be fully briefed on August 21, 2014. (Dkt. 27.)

3.    Consistent with its petition to compel arbitration, Caremark respectfully seeks a stay of all discovery and related proceedings before this Court pending the resolution of the Arbitration Motion.[1] There are several reasons why all discovery should be stayed until after the Arbitration Motion is decided.

4.    First, the Arbitration Motion presents a fundamental question about whether any proceedings should be taking place in this Court, rather than in arbitration. Proceeding with a Rule 16 conference or any other discovery would undermine the right to compel arbitration. Unless this Court enters an order staying proceedings, Caremark will be forced to litigate Plaintiffs' claims before this Court while simultaneously seeking to compel arbitration of

---

[1] When faced with these issues federal courts have consistently and overwhelmingly prohibited merits discovery while a motion to compel arbitration is pending. *See Shubert v. Wells Fargo Auto Fin., Inc.*, No. 08-3754, 2008 U.S. Dist. LEXIS 105198, at *6 n.1 (D.N.J. Dec. 31, 2008) (rejecting plaintiff's request to conduct discovery before arbitration motion decided); *see also, e.g., Richardson v. V.I. Port Auth.*, No. 2009-136, 2010 U.S. Dist. LEXIS 40787, at *27 (D.V.I. Apr. 21, 2010) (denying request for pre-arbitration discovery, reasoning that "any allowance of pre-arbitration discovery would effectively defeat the benefit and efficiency of arbitration"); *Honig v. Comcast of Georgia I, LLC*, 537 F. Supp. 2d 1277, 1284 n.3 (N.D. Ga. 2008) (denying request for discovery, reasoning that "allowing such discovery would contravene the policy of the FAA that issues of arbitrability should be determined promptly"); *O.N. Equity Sales Co. v. Emmertz*, 526 F. Supp. 2d 523, 528 (E.D. Pa. 2007) (rejecting request for discovery before arbitration motion resolved, observing that the goals of arbitration "include resolving disputes in a timely and cost-efficient manner and promoting judicial economy" and that "discovery may serve to undermine the advantages offered by arbitration"); *Marubeni Corp. v. Mobile Bay Wood Chip Ctr.*, No. Civ. A. 02-914- PL, 2003 WL 22466215 at *7 n.11 (S.D. Ala. June 16, 2003) (noting that although the court originally continued and planned to reset a rule 16(b) discovery conference in a case where a motion to compel arbitration was pending, the court concluded that "a discovery conference is inappropriate") (citing FED. R. CIV. P. 81(a)(3) and *Hughes*, 975 F.2d at 1257); *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002) ("[T]he language of Section 6 preempts the Federal Rules. The policy behind this section 'is to expedite judicial treatment of matters pertaining to arbitration.'"); *Bank One, N.A. v. Coates*, 125 F. Supp. 2d 819, 829 (S.D. Miss. 2001), aff'd 34 F. App'x 964 (5th Cir. 2002) (granting motion to compel arbitration and denying motion for discovery, observing that because the "FAA calls for a summary and speedy disposition of motions or petitions to enforce arbitration causes . . . the court rejects defendant's request that discovery be done before the court rules on the motion to compel arbitration" (internal quotation and citation omitted)); *Cole v. Halliburton Co.*, No. 00-0862, 2000 U.S. Dist. LEXIS 14640, at *6-7 (W.D. Okla. Sept. 6, 2000) (granting motion to compel arbitration and denying request for discovery related to arbitration agreement).

Plaintiffs' claims. Such a result would be contrary to "the strong federal policy favoring arbitration," *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), and would undermine the purpose behind the FAA's automatic stay mandate, *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1748-49 (2011). A stay of these proceedings is therefore necessary to protect Caremark's right to arbitration, and to avoid waste of judicial resources and unnecessary duplication of efforts by the parties. *See Olson v. Jenkins & Gilchrist*, 461 F. Supp. 2d 710, 730 (N.D. Ill. 2006) (Castillo, J.) (granting stay under Section 3 of the FAA, explaining that "[i]n the absence of a stay of litigation, Deutsche Bank's right to arbitrate will be effectively nullified"); *see also Ansari*, 414 F.3d at 1216; *AgGrow Oils, LLC*, 242 F.3d at 783; *DaPuzzo*, 263 F. Supp. 2d at 739. Second, Section 6 of the FAA provides that motions to compel arbitration are treated by the procedures applicable to motions, which means that many of the procedures otherwise applicable to complaints–such as Rule 16 scheduling conferences–are preempted. *See, e.g., Health Servs. Mgmt. Corp. v. Hughes*, 975 F.2d 1253, 1258 (7th Cir. 1998) ("It would defeat the purpose of arbitration if a reviewing court was obligated to give all the due process of the parties filing actions of a civil nature and deserving of Federal Rule 16 treatment, e.g., a scheduling conference, hearing, etc."); *Marubeni Corp. v. Mobile Bay Wood Chip Ctr.*, No. Civ. A. 02-914-PL, 2003 WL 22466215 at *7 n.11 (S.D. Ala. June 16, 2003) (noting that although it originally continued and planned to reset a rule 16(b) discovery conference in a case where a motion to compel arbitration was pending, it concluded that, "a discovery conference is inappropriate") (citing Fed. R. Civ. P. 81(a)(3); *Hughes*, 975 F.2d at 1257); *Kruse v. Sands Bros. & Co.*, 226 F. Supp. 2d 484, 486 (S.D.N.Y. 2002) ("[T]he language of Section 6 preempts the Federal Rules. The policy behind this section 'is to expedite judicial treatment of matters pertaining to arbitration.'").

5. Moreover, the "plain meaning" of the FAA and "the unmistakably clear congressional purpose [was] that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts." *Prima Paint Co. v. Flood and Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967). Congress expressed a "clear intent, in the Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983). *Moses H. Cone* cited Section 6 of the FAA and found that "a request for relief under ... § 4 [of the FAA] is to be treated procedurally as a motion." *Id*. at 22. n.27. Consequently, to effectuate "the statutory policy of rapid and unobstructed enforcement of arbitration agreements," the FAA requires courts when determining arbitrability to hold "an expeditious and summary hearing, with only restricted inquiry into factual issues." *Id*. at 22-23.

6. Third, Section 3 of the FAA requires a stay of proceedings pending conclusion of an arbitration "on application of one of the parties" where the disputed issue falls within the purview of an arbitration agreement enforceable against the party pursuing the claim. 9 U.S.C. § 3; *see McIntyre v. Household Bank*, 216 F. Supp. 2d 719, 722 (N.D. Ill. 2002) (on a Section 3 motion to stay proceedings, once the court concludes that the party opposing the stay "was party to an agreement that contains a facially valid arbitration clause" the court's "work is finished"). Accordingly, courts have noted repeatedly that when a party invokes an agreement to arbitrate, the proper course of action is to stay further proceedings pending the resolution of the arbitration so that a party does not effectively lose the ability to arbitrate and avoid litigation in court. *See, e.g, Goodale v. George S. May Int'l Co.*, No. 10-5733, 2011 U.S. Dist. LEXIS 37111, at *5 (N.D. Ill. Apr. 5, 2011); *Progressive Packaging Corp. v. Russell Stover Candies, Inc.*, No. 09-3426, at *2 n.1 (N.D. Ill. Oct. 15, 2009).

7. Fourth, separate from FAA authority, this Court has inherent authority to issue a temporary stay to manage its docket and to promote judicial efficiency. Issuance of a stay pending a determination of the arbitrability of the dispute is exactly what other courts have done when presented with circumstances such as these. *See, e.g., Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (noting district court's inherent power to stay proceedings pending the conclusion of arbitration in light of court's inherent power to stay proceedings); *Texas Ind. Producers and Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005) (noting power to stay proceedings that is "'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants'") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co.*, 242 F.3d 777, 783 (8th Cir. 2001) (where court concluded that 9 U.S.C. § 3 did not mandate stay order, observing that discretionary stay "may well be needed to further the strong federal policy favoring agreements to arbitrate").

8. Finally, the parties plainly will not be prejudiced by a stay pending the Court's ruling on the Arbitration Motion. Consistent with the FAA, motions to compel arbitration are typically resolved promptly, with little delay. *Bank One, NA. v. Coates*, 125 F. Supp. 2d 819, 829 (S.D. Miss. 2001). There is nothing to suggest that Principal would be prejudiced by a brief stay until the Court issues its ruling. Nor is there anything to suggest that any minimal delay that may occur while the parties await the Court's ruling — even if any prejudice could be demonstrated — would justify overriding the FAA and the agreement to arbitrate. Accordingly, permitting discovery to proceed now would be contrary to the great weight of authority cited above.

WHEREFORE, Defendant Caremark respectfully requests that the Court enter an order staying discovery and discovery related proceedings in this case until Caremark's Motion to Compel Arbitration is decided.

**Dated**: August 19, 2014

>*/s/ Brian P. Rickert*
>Brian P. Rickert, AT0006633
>Jonathan M. Gallagher, AT0009845
>
>BROWN, WINICK, GRAVES, GROSS,
>BASKERVILLE AND SCHOENEBAUM, P.L.C.
>666 Grand Avenue, Suite 2000
>Des Moines, IA 50309-2510
>Telephone:  (515) 242-2400
>Facsimile:   (515) 242-2488
>E-mail:  rickert@brownwinick.com
>             gallagher@brownwinick.com
>
>*/s/ Robert H. Griffith*
>Robert H. Griffith
>Foley & Lardner LLP
>321 North Clark Street, Suite 2800
>Chicago, Illinois 60654-5313
>Telephone: (312) 832-5174
>E-mail: rgriffith@foley.com
>
>ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I, Robert H. Griffith, an attorney, hereby certify that on August 19, 2014, I electronically filed the foregoing Caremark's Motion to Stay Proceedings with the Clerk of the Court using the CM/ECF system, and further caused the same to be served on all counsel of record via ECF filing.

/s/ Robert H. Griffith